EDGAR, Plaintiff in Error, *vs.* SALISBURY *et al.*, Defendants in Error.

1. Where in a demand filed by a person seeking to avail himself of the benefit of the act concerning mechanics' liens, services for which he might have a lien are combined with other charges for which no lien is given, and the whole summed up in one item, so that it is impossible to ascertain from the account filed how much of the gross charge is a lien, the party will lose the whole benefit of the act.

2. An agent employed to disburse money and pay off hands in the building of a house, has no lien for his services.

*Error to St. Louis Circuit Court.*

*Glover & Campbell*, for plaintiff in error. The matters mentioned in the account and made a part of the *scire facias*, were, in every particular, the proper subjects of a lien under our statute concerning mechanics' liens. R. C. 1845, p. 733. It is not necessary that the work should be done literally *on* the building. Plans, drawings, specifications, making contracts with workmen, material men, and the superintendence and direction of the building, are all within the spirit and meaning of the statute.

*C. C. Carroll*, for defendant in error. The mechanics' lien law was only intended to protect the manual laborer and the material men, who, from their humble position and general lack of knowledge, were liable to be imposed upon by contractors. It is a special statute, and must be construed strictly. To allow such a bill as this to constiute a lien would be to create a lien upon a house, before it is in existence, or the ground broken for its commencement. The contract set out in the bill of items is an entirety, and cannot be separated.

GAMBLE, Judge, delivered the opinion of the court.

Edgar sued out a *scire facias* from the Circuit Court of St. Louis county, to enforce a lien upon a building which had been erected for the defendants in that county. The particu-

lars of the demand consisted of a single charge, in these words : " To making two sets of plans and detail drawings for all the buildings of the Lowell hemp works, also specifications for the same ; also for making all the contracts with the workmen, furnishers of materials, superintending and directing the entire construction of the buildings, disbursing moneys, &c., &c., &c., as per agreement, $500." On this there was a credit of $148 23. The *scire facias* recited the demand as filed, and there was a demurrer to it, which was sustained by the court, and the plaintiff appealed.

1. The only question presented is, whether, under the act of the general assembly, the plaintiff had a lien upon the buildings erected, for the amount of his account, as shown by the single item stated above.

When a mechanic or other person claims to have a lien upon a building, he is to file a just and true account of the demand due him, after all credits are given, and that account must appear to be for work or materials for which the statute gives a lien, and if, in a demand upon a single item of charge, any services for which he might have a lien, are combined with other charges for which no lien is given, the whole benefit of the act will be lost. In such a case, it would be impossible for any person to separate the different portions of the demand, and ascertain how much of the gross charge was an incumbrance on the property, and how much was for general indebtedness. The object of these acts is to make certain classes of debts incumbrances on the property, binding the same when the statute is complied with, into whosesoever hands it may come. The lien is but the creature of the statute, and only arises, and can only be enforced as the statute directs.

In the present case, we have one single charge of five hundred dollars, claimed as due under some agreement which is not set out, and the charge is for different kinds of service, such as plans and specifications, making contracts, superintending the construction of the buildings, disbursing money, and then there are three comprehensive &cs. used, and for the

whole there is charged the sum of $500. How much of this item is for disbursing money cannot be known, and how much is comprehended in each &c., would be difficult to determine.

2. It may be sufficient in this case to say, that the statute was designed to protect the interest of a different class of persons from those agents who are employed to disburse money, and that, if it be assumed to be the meaning of this part of the charge, that the plaintiff disbursed the money of the defendants, in paying for the labor and materials used in erecting the buildings, still a charge of commission for that service, would not come within either the letter or spirit of the act. The act requires a just and true account of the demand to be filed, and there is no doubt, that if there was an account charging different items, some of which might, by law, be an incumbrance on the property, and others which did not come within the scope of the statute, the party might pursue his remedy to enforce the lien, as far as one was given by law. But when he charges a single sum for different services, and any of them are of a character for which the law would give no lien, he cannot proceed under the statute, because he has filed no proper account, and because it is impossible to ascertain the amount of his lien from the account filed.

It will be seen that the question, whether an architect, who superintends the erection of buildings, is entitled to a lien, is not decided. This is only for the reason that its decision is not necessary in this case. The demurrer was properly sustained, and the judgment is affirmed.