OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1918.

(*Continued from Vol.* 274.)

McMILLAN & PARKER v. BALL & GUNNING MILLING COMPANY, Appellant.

### Division One, June 4, 1918.

MECHANIC'S LIEN: Subcontractor: Extra Work. The contract between the contractor and subcontractor called for the payment of a lump sum of $7200 for labor and material to be furnished, and the subcontractor received $6781.60 as a credit, leaving $418.40 due him under the original contract; but after the work was commenced the contractor changed the plan of the work and ordered the subcontractor to furnish additional labor and material to the amount of $400.35, which sum, added to the $418.40 due under the original contract, made $818.75, for which he had judgment against the contractor. *Held*, that the judgment for the entire sum of $815.75 should be decreed a lien on the building, and the majority opinion of the Court of Appeals (190 Mo. App. 340) decreeing only the $418.75 to be a lien is disapproved, and the reasoning and conclusions of the dissenting opinion (190 Mo. App. 352) that the subcontractor is entitled to a lien for the whole balance due is approved.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*R. F. Stewart, John R. McCammon* and *R. M. Sheppard* for appellant.

*F. T. Stockhard* and *Gray & Gray* for respondents.

BOND, J.—The plaintiffs, McMillan & Parker, sub-contractors, sue to establish a mechanic's lien against certain property at Webb City, Missouri, owned by the Ball & Gunning Milling Company.

The undisputed facts are that the firm of Stone & Watts (original contractors and parties defendant in the circuit court) contracted with the Ball & Gunning Company to erect certain concrete wheat tanks; that thereupon they entered into an agreement with the plaintiffs to furnish the material and labor for the construction of said wheat tanks for the lump sum of $7200; that plaintiffs did furnish labor and material in the construction thereof to the amount of $7600.35; that they received therefor the sum of $6760 in cash, plus a certain credit of $21.60, which left a balance due them of $818.75, for which amount they duly filed a lien against the property of the Ball & Gunning Company, designating it as a partnership and not as a corporation.

The evidence tended to show that the contract between plaintiffs and Stone & Watts only called for the payment of a lump sum of $7200 for the material and labor to be furnished by them; that the total credits to be deducted from said sum was $6781.60, which left $418.40 due them under their original contract; that after the work was commenced, Stone & Watts changed the plan of the work and ordered plaintiffs to furnish additional labor and material to the amount of $400.35; that this sum added to the

$418.40 due them under their original contract made the $818.75, for which judgment was prayed.

The case was tried without a jury and the court rendered judgment for plaintiffs and against defendant Watts for the full amount of the balance claimed to be due, $818.75, and declared said judgment a lien upon the property of the Ball & Gunning Milling Company.

Thereupon the Ball & Gunning Company duly appealed to the Springfield Court of Appeals, which court reversed the judgment and remanded the cause with directions to the circuit court "to enter judgment against Watts in the sum of $818.75 and make such judgment a lien against the real estate and improvements described belonging to the defendant, The Ball & Gunning Milling Company, in the sum of $418.75, together with interest," etc. From this judgment ROBERTSON, P. J., filed his dissent and deeming the majority opinion in conflict with the case of National Press Brick Company v. Const. Co., 177 Mo. App. 573, certified the cause to this court for final determination.

After a careful examination of the two opinions of the Springfield Court of Appeals, we agree with the learned writer of the dissenting opinion, 190 Mo. App. l. c. 352, that the judgment ordered in the learned majority opinion, 190 Mo. App. 340, was incorrect under the testimony quoted in the dissenting opinion, and for the reasons stated therein. We, therefore, disapprove the judgment directed in the majority opinion of the Springfield Court of Appeals and approve the reasoning and conclusion of the dissenting opinion of ROBERTSON, P. J., and hence affirm the judgment of the trial court. It is so ordered. All concur.