**L. T. BREMER et al., Plaintiffs-Respondents,**

v.

**Alvin L. MOHR and Agnes C. Mohr, Husband and Wife, Defendants-Appellants,**

and

**Albert Hamlin, Defendant.**

**No. 9110.**

Missouri Court of Appeals, Springfield District.

March 1, 1972.

Modified on Court's own Motion and Rehearing Denied March 16, 1972.

James B. Harrison, Sullivan, G. C. Beckham, Steelville, for plaintiffs-respondents.

Thomas J. Briegel, Union, for defendants-appellants.

TITUS, Chief Judge.

Nine subcontractors, as plaintiffs, brought this action to obtain judgment against defendant Hamlin, the original contractor, and to enforce such as mechanics' liens against certain premises owned by defendants Mohr. Chapter 429; Civil Rule 101.[1] Two subcontractors received judgment by stipulation, and defendants Mohr have appealed from the judgment as entered on verdicts in favor of the other seven. Defendant Hamlin has not appealed.

In his verified lien account, and in Count VIII of the petition, plaintiff Hudson described the items of materials and work furnished by him in compliance with the contract he made with defendant Hamlin as: "Sheet Metal, Furnace, Registers, Air Conditioner and Material to install same—$1,225.75." By answer, trial motions ore tenus, motion for a new trial, and in the first "point" of their brief on appeal, defendants Mohr have contended that plaintiff Hudson was not entitled to a lien upon the property in question, and that Count VIII should have been dismissed because Hudson failed "to file . . . *a just and true account* of the demand due him . . . after all just credits have been given." (Our emphasis). § 429.080.

On direct examination of Hudson at trial, it was shown that although he agreed with the original contractor to install a complete heating and air conditioning system in the Mohr residence for $1,225.75, he had neither furnished nor installed an air conditioning unit. Questions propounded to Hudson by his attorney held a soupçon that inclusion of the air conditioner in the lien account and petition resulted from counsel's misunderstanding. Following this, Hudson agreed his claim should be reduced by $315 (said to be the value of the air conditioning unit), and testified the corrected balance of $910.75 represented a "fair charge" for the materials and labor he had actually furnished. However, on cross-examination, Hudson admitted his revised balance of $910.75 erroneously included an $80 charge for "a service policy [which] goes with the air conditioner," and that this sum should be allowed as an additional credit. Except for the suggested misunderstanding of his attorney, which related only to the air conditioning unit, and in spite of the trial court's observation that "I had hoped there would be some evidence why [the lien account] was in that shape," Hudson did not undertake to explain why the air conditioner and service policy charges had been included in the lump sum stated in his verified lien statement and petition; neither did he elucidate upon his exclamation that "I said we did not put the whole thing in. We didn't complete the job." A witness for defendants Mohr, who finished Hudson's subcontract after he quit the job, said that Hudson's accounting should have contained additional credits for a motor he did not supply for the furnace and for labor and materials which Hudson did not furnish when he omitted installing the motor and air conditioner. This witness opined that the labor and materials actually provided by Hudson had a reasonable value of $400. The verdict assessed Hudson's damages against the original contractor at $400 and found that he was "entitled to a Mechanic's Lien in the premises."

The principal issues for determination anent Count VIII were two in number, *id est*, (1) whether plaintiff Hudson was entitled to a personal judgment against the original contractor, and (2) whether plaintiff Hudson should have a mechanic's lien against the property of defendants Mohr. Hill-Behan Lumber Co. v. Hammer

---

1. Statutory and rule references are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

Dry Plate Co., Mo.App., 162 S.W.2d 348, 351. A personal judgment against the original contractor does not ipso facto entitle the subcontractor to a lien against the property of the owner, but if a lien is allowable, it does not necessarily follow that it must be in the same amount as the personal judgment or contract price. Mid-West Engineering & Const. Co. v. Campagna, Mo., 421 S.W.2d 229, 234(5). Consequently, in the absence of any claim or showing that a personal judgment against the original contractor would in and of itself result in prejudice to the owner, the latter would have no standing to ask for dismissal of the subcontractor's claim against the original contractor or to complain of any errors committed against the original contractor. Dean v. Young, Mo., 396 S.W.2d 549, 558(13). Therefore, when defendants Mohr assert that the trial court erred in denying their various motions to dismiss Count VIII, they are technically incorrect; it would not have been proper for the trial court, for the reasons given, to have dismissed all of the claims embraced by Count VIII under the circumstances in this case. Nevertheless, the court nisi and all the parties were well aware and fully informed of the relief sought by defendants Mohr, which was for a ruling that Hudson, as a matter of law, was not entitled to a lien upon their property. We shall so consider the motions and that point on appeal. Cf. Bailey v. Kershner, Mo.App., 444 S.W.2d 10, 11–12(1).

█ It is said that the mechanics' lien law is just in principle and should be liberally construed. Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Co., 350 Mo. (banc) 1178, 1185, 171 S.W.2d 580, 584(9), 146 A.L.R. 917, 922. Nonetheless, the cases also say that a lien claimant must substantially comply with the statute in order to avail himself of the benefits thereof [Stewart Concrete & Material Co. v. James H. Stanton Const. Co., Mo.App., 433 S.W.2d 76, 80(7)], and a substantial compliance requires the filing of "a just and true account of the demand due him." § 429.080, supra. If the lien claimant is the original contractor and he has made a lump sum contract with the owner, his lien statement in all cases need not be itemized in order to be sufficient. Wadsworth Homes, Inc. v. Woodridge Corporation, Mo.App., 358 S.W.2d 288, 291(3). On the other hand, when the lien claimant, as here, is a subcontractor and his lien account only states a lump sum and is not itemized, it does not demonstrate substantial compliance with § 429.080, supra, and is not a "just and true account" as required by law. Mississippi Woodworking Company v. Maher, Mo.App., 273 S.W.2d 753, 755–756(2–4); Marshall v. Hall, Mo.App., 200 S.W. 770, 774–775(9). The reason for this difference is that a contractual relationship exists between the landowner and the original contractor, and the owner knows or is held to know the elements of his agreement; but when the matter rests between a subcontractor and the owner, the situation is extremely different for there is no direct contractual relation between the owner and the subcontractor, and the only way the owner can ascertain the correctness vel non of the claim is from the verified lien account. Thus, the only way the subcontractor may substantially comply with § 429.080, supra, is to itemize his statement.

The account filed by plaintiff Hudson was a lumping charge of $1,225.75 for "Sheet Metal, Furnace, Registers, Air Conditioner and Material to install same." Ignoring for the moment that this is a most generalized statement, when plaintiff Hudson testified concerning his account it was ascertained that he had not furnished an air conditioner, that his lump sum account contained an $80 service policy charge for which the law gives no lien, and that Hudson had "not put the whole thing in [and] didn't complete the job." On the basis of this evidence, neither the jury nor the law could "divide the good from the bad, the lienable from the nonlienable." Floreth v. McReynolds, 205 Mo.App. 143, 152, 224 S.

W. 995, 998. To further compound the situation, it was shown without contradiction that the lien statement and petition also contained a charge for a furnace motor that had not been furnished and included charges for labor that had not been performed. When Hudson filed a demand in a lump sum which commingled charges for items for which he might have a lien with charges for items that had not been furnished and for which no lien is given, "he cannot proceed under the statute, because he has filed no proper account, and because it is impossible to ascertain the amount of his lien from the account filed." Edgar v. Salisbury, 17 Mo. 271, 273(1); Nelson v. Withrow, 14 Mo.App. 270, 279(2).

■ Filing " 'a just and true account' " is the very foundation of the right to maintain the suit and is a condition precedent to the right of any lien claimant to establish his lien. Putnam v. Heathman, Mo.App., 367 S.W.2d 823, 828(6). The filing of "an unjust and untrue account, knowingly made, forms no basis for a lien, and no foundation for a cause of action to enforce it, but vitiates the entire right of lien." Gill v. Harris, 224 Mo.App. 717, 724–725(3), 24 S.W.2d 673, 677(3). Plaintiff Hudson does not dispute these rulings, but argues that it was for the jury in this case to decide whether the inaccurate lien was the result of inadvertence and mistake, or whether the nonlienable charges were deliberately, knowingly and intentionally included in the lump sum account. With this argument we cannot agree. The burden was upon Hudson to prove substantial compliance with each essential statutory requirement (Hertel Electric Company v. Gabriel, Mo.App., 292 S.W.2d 95, 101(10), and cases cited), and when his own testimony showed that he did not complete his contract, that the lump sum claimed in both the lien account and the petition contained nonlienable charges and charges for a substantial item he did not supply, the burden was upon him to establish that the excessive claim was due to honest mistake

and not to design. James Falcone Plumbing & Heating Co. v. Pasquale, 26 N.J.Super. 285, 97 A.2d 720, 725(9). There had to be substantial evidence covering this element of Hudson's case, else it should not have been submitted to the jury. Chard v. Clarkson Construction Company, Mo.App., 377 S.W.2d 506, 509(3). In this instance, Hudson did nothing to discharge the burden. While his counsel hinted that inclusion of the air conditioner was due to his own misunderstanding, no effort was expended to explain the inclusion of the $80 service policy or other charges made for a contract that Hudson admittedly and knowingly had not fully performed.

■ Because the lien statement of subcontractor Hudson commingled unfurnished and nonlienable items with others and was stated in a lump sum and was not, therefore, "a just and true account," and because Hudson utterly failed his burden to demonstrate that the excessive account resulted from inadvertence and mistake, he was not, as a matter of law, entitled to a lien against the property in any sum and it was error for the trial court to submit this issue to the jury.

■ The second and final "point" in the brief of defendants Mohr is that the trial court erred in denying their "motion for a new trial on counts 1, 3, 4, 5, 7, 8 and 9 because the jury instructions were erroneous in stating a sum certain, and were confusing and misleading to the jury, and not within the spirit of M.A.I." Civil Rule 84.04(d) requires that the points relied on shall state "wherein and why" the complained of actions of the trial court are allegedly erroneous. This point fails to state why it was error for the instructions to state a sum certain or wherein and why the instructions were misleading and not within the spirit of M.A.I. Merely stating what the alleged error is without also stating why it is error, neither complies with the rule nor preserves anything for review [Chambers v. Kansas City, Mo., 446 S.W.2d 833, 841(14); Moll v. Springdale Park,

Inc., Mo., 395 S.W.2d 126, 128(1); De-Charia v. Fuhrmeister, Mo.App., 440 S.W. 2d 182, 184(2)], and the cases make it abundantly clear that Civil Rule 84.04(d), supra, governs allegations of error regarding instructions. Haley v. Edwards, Mo., 276 S.W.2d 153, 162(15); Hays v. Proctor, Mo.App., 404 S.W.2d 756, 763(16); Weekley v. Wallace, Mo.App., 314 S.W.2d 256, 258(6). More importantly, it should be noted that while defendants Mohr object to "the jury instructions," the point nowhere indicates the specific instructions of which they complain. If we undertake to match an unspecified instruction with Count IX of the petition, which is probably Instruction No. 9, we discover another deficiency in the point. In their motion for new trial defendants Mohr made no mention of Instruction No. 9, and this was necessary if their complaints concerning this particular charge were to be preserved for appellate review. Civil Rule 79.03; Dyer v. Globe-Democrat Publishing Co., Mo., 378 S.W.2d 570, 579(1). We additionally observe that specific objections to instructions are required. Under Civil Rules 70.02, 70.021, 79.01 and 79.03, specific objections may be made to instructions before submission to the jury, in the motion for new trial, or partly before submission and partly in the new trial motion. But if specific objections are not made at one place or the other, the alleged errors therein are not preserved for appellate consideration. O'Brien v. City of St. Louis, Mo., 355 S. W.2d 904, 908(8). Defendants Mohr objected only generally to the instructions before submissions and the objections they voiced in the motion for new trial were no more specific than what appears in the second point on appeal. Finally, and assuming, arguendo, that none of the foregoing defects in the second point existed, still there is nothing preserved for our review relative to the instructions on counts 3, 4, 5, 7, 8 and 9 because the brief of defendants Mohr does not set forth the challenged instructions concerning those counts. Civil Rule 84.04(e) provides that if "a point relates to the giving . . . of an instruction such instruction shall be set forth in full in the argument portion of the brief," and "[f]ailure to comply carries the penalty of refusal to review." Pauling v. Rountree, Mo.App., 412 S.W.2d 545, 548 (3–4).

In accordance with the foregoing, that portion of the judgment rendered on Count VIII of the petition decreeing and adjudging the judgment to be a special lien on the real estate of defendants Mohr is reversed; in all other respects, the judgment is affirmed.

STONE and HOGAN, JJ., concur.