Durrell BERNARD d/b/a Bernard Lumber Co., Plaintiff-Respondent,

v.

John Michael MERRICK and Melba Jean Merrick, a/k/a Mike Merrick, and as successors to A. & M. Construction Co., Sweet Springs, Missouri,

and

Boonslick Savings and Loan Association, Boonville, Missouri, Defendants-Appellants.

No. KCD 28255.

Missouri Court of Appeals, Kansas City District.

April 4, 1977.

Dale Reesman, Williams, Reesman & Tate, Boonville, for defendants-appellants.

Charles H. Green, III, Green & Green, Higginsville, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Durrell Bernard brought suit against John Merrick and his wife and Boonslick Savings and Loan Association to establish a mechanic's lien on certain property owned by Merrick. It was further sought to establish such mechanic's lien as prior to a deed of trust held by Boonslick on the same real estate. The trial court adjudged a mechanic's lien in favor of Bernard superior to the deed of trust.

On this appeal Boonslick primarily raises the point the mechanic's lien statement filed by Bernard was insufficient. Reversed.

John Merrick was engaged in the building of homes near Concordia, Missouri. At one time he was in business with a partner, but later severed that relationship and was wholly independent. He purchased materials from the Bernard Lumber Company for the construction of these homes. When Merrick fell into financial difficulty, he filed a petition in bankruptcy and was later adjudged a bankrupt by the U.S. District Court. Prior to being adjudged a bankrupt, Merrick had obtained a loan from Boonslick and gave as security a deed of trust to secure such loan on the two lots on which he was building homes. It was on these same lots that Merrick used the materials he purchased from Bernard.

Subsequent to adjudging Merrick a bankrupt, the District Court gave Bernard leave to proceed against Merrick to the extent of perfecting a mechanic's lien on the houses and lots on which Boonslick also had a deed of trust. For that reason the parties on this appeal are only Bernard and Boonslick.

Bernard filed his mechanic's lien statement with the circuit clerk. In his statement he stated the account was "as per attached bills, incorporated herein and made a part hereof, the unpaid balance of which totals $11,756.04." The attached bills were on printed forms of the usual type used in business with the name of the lumber company at the top and the name of the person to whom the sale was made filled in with handwriting. The bill then contained the following:

| DATE | ITEM | DEBITS | CREDIT | BALANCE |
|------|------|--------|--------|---------|
|  |  |  | Balance Forward -- | 77.61 |
| 4-4-73 | 8773 | 6.14 |  | 83.75 |
| 4-9 | 8892 | 38.96 |  | 122.71 |
| 4-13 | 8987 | 4.50 |  | 127.21 |

The statement contained ten sheets of bills and all of them were exactly as that shown above. In short, the itemization on the bill as to the material or item furnished was described only by the insertion of a number. The amount charged was given and the running balance was then totaled.

On this appeal Boonslick contends the account, as described above, was not a "just

and true account" as required by § 429.080, RSMo 1969. The contention is further made that since the account did not comply with the statute, Bernard is not entitled to a mechanic's lien.

On the trial of this cause, Mr. Bernard testified the number appearing in the "item" column referred to his invoice number. At trial he produced invoices which corresponded to the numbers listed on the account. Each invoice contained a complete list of the items and materials which were furnished at that time. Mr. Bernard further stated a copy of this invoice was given to Merrick each time materials were delivered.

The reason the "just and true account" is required is stated in *Wadsworth Homes, Inc. v. Woodridge Corporation*, 358 S.W.2d 288, 291[2] (Mo.App.1962) to be:

> "so that the landowners and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building; whether they were lienable items, and whether the amount charged is proper. *Grace v. Nesbitt et al.*, 109 Mo. 9, 18 S.W. 1118; *State ex rel. O'Malley v. Reynolds*, 266 Mo. 595, 182 S.W. 743."

The statement filed by Bernard must be judged by the above standard. Based on that standard it cannot be said the statement here informed anyone what Bernard asserted had been furnished. This being so, it would be impossible for anyone to examine Bernard's statement and conduct any investigation to determine whether the materials went into the building, whether they were lienable items or whether the amount charged was proper. Bernard's statement simply does not contain any information in any respect concerning the nature of the material that was sold and furnished. The bare number appearing under the "item" column would convey no meaningful information to anyone save Merrick, yet the statement is required to contain sufficient information to allow a third party to make

an investigation. This the statement wholly fails to do.

Bernard relies on statements found in many cases to the effect the mechanic's lien law is to be liberally construed. This is undoubtedly true as is stated in *Wadsworth*, but that rule is also coupled with the fact stated in *Wadsworth* at 358 S.W.2d 291[1]:

> "the fact remains that there must be substantial compliance with the requirements of the statute in order for one to avail himself of its benefits."

It should be noted Bernard does not seek to bring this case within the lump sum contract rule announced in *Wadsworth*, and indeed his statement reveals he did not have a lump sum contract but rather furnished material on an open end basis and now seeks to recover the reasonable value thereof. In that situation it was held in *Bremer v. Mohr*, 478 S.W.2d 14, 17[3] (Mo. App.1972) that a lien statement which is not itemized does not substantially comply with § 429.080 and does not constitute a "just and true account."

Bernard also argues that since the invoices were all brought into court at the time the case was tried and Boonslick in fact examined all of them, this supplied the deficiency in the statement. This was held not to validate an insufficient lien statement in *H. B. Deal and Co. v. Hamilton-Brown Shoe Company*, 349 Mo. 275, 160 S.W.2d 719, 721[3] (1942).

Further, it was held in *Mississippi Woodworking Company v. Maher*, 273 S.W.2d 753, 756[6, 7] (Mo.App.1954):

> "The items must be contained in the lien statement filed with the circuit clerk."

Thus the fact the invoices containing the specific information as to the materials furnished were made available at the trial does not supply the deficiency in the statement filed with the circuit clerk.

The requirement that the lien statement contain an itemization sufficient to satisfy the requirement stated in *Wadsworth*, has recently been restated by this court in *Malott Electric Co., Inc. v. Bryan Enterprises*,

*Inc.*, Mo.App., 549 S.W.2d 558 handed down February 28, 1977.

Bernard has filed a motion to dismiss the appeal by Boonslick because of the failure of its brief to comply with the rules. The deficiencies in Boonslick's brief are not of sufficient magnitude to merit dismissal of the appeal. The motion to dismiss is over-ruled.

Because of the deficiency in Bernard's lien statement as filed with the circuit clerk, the judgment is reversed.

All concur.