SUMMIT LUMBER COMPANY, INC., Plaintiff-Respondent,

v.

John W. HIGGINBOTHAM, John D. Mahan, Jr., and Joan L. Mahan, Defendants-Appellants.

No. KCD 29364.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Milton B. Edmonson, Greenwood, for defendants-appellants.

Richard J. Koury, II, Independence, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Summit Lumber Company sought to enforce a mechanic's lien on certain real estate originally owned by John W. Higgin-

botham and later sold to John Mahan, Jr. and Joan Mahan. The Mahans filed a cross claim against Higginbotham in which they sought judgment for any amount which might be found due Summit and enforced by a mechanic's lien on the property they had purchased from Higginbotham. The court found in favor of Summit and imposed a mechanic's lien on the real estate formerly owned by Higginbotham and sold to Mahan. No disposition was made on the cross claim of Mahan against Higginbotham. Mahans appeal.

"To be final and appealable a judgment must dispose of all parties and all issues in the case and must leave nothing for further determination. Rule 74.01, V.A.M.R.; *Elliott v. Harris,* 423 S.W.2d 831 (Mo. banc 1968)." *Federal Deposit Insurance Corporation v. Crismon,* 516 S.W.2d 57, 58[2] (Mo. App.1974).

It is apparent the judgment here does not dispose of all the issues because the issue of the Mahan claim against Higginbotham was not disposed of even though brought to the court's attention in a motion for new trial. For that reason this appeal must be dismissed.

Should an appeal be taken after a final judgment is entered, the attention of the parties is directed to Rule 84.04 with reference to the contents of briefs and particularly to Rule 84.04(d). The appeal is dismissed.

All concur.