**SUMMIT LUMBER COMPANY, INC., Respondent,**

v.

**John W. HIGGINBOTHAM et al., Appellants.**

**No. 30380.**

Missouri Court of Appeals, Western District.

Sept. 4, 1979.

Milton B. Edmonson, Greenwood, for appellants.

Richard J. Koury, II, Independence, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action to recover for building materials supplied to residential builder and to enforce a mechanic's lien on the property involved. Trial court entered judgment for plaintiff for amount claimed, $5,302.66, plus interest, and declared that amount a lien against the property. Property owners appeal. An earlier appeal in the same case had been dismissed because of the lack of a final judgment. *Summit Lumber Company, Inc. v. Higginbotham et al.*, 570 S.W.2d 323 (Mo.App.1978).

John W. Higginbotham was the owner of Lot 136, White Ridge Farm subdivision, Lee's Summit, Missouri. In late 1971, Higginbotham arranged with Keith North, president of the Summit Lumber Company, Inc., for Summit to provide the lumber to be used by Higginbotham in constructing a residence on the lot. According to North, he talked to Higginbotham " * * * and quoted him some figures as far as price per thousand feet of lumber and a few other odds and ends and, subsequently, he gave us the order for the lumber." He did not give Higginbotham a lump sum figure. Invoices were prepared as delivery of materials was made, the first in November, 1971, and the last in April, 1972. Higginbotham paid for none of the materials supplied by Summit.

In June or July, 1972, John D. Mahan, Jr. and his wife, Joan, saw an advertisement for sale of the house built by Higginbotham. They were shown the house by a realtor and agreed to purchase it. The transaction was closed by a warranty deed from Higginbotham to the Mahans, dated August 25, 1972. Higginbotham gave a "mechanic's lien" affidavit on the closing.

On October 18, 1972, Summit filed its mechanic's lien, prepared by a Kansas attorney. The notice recited that it was filed on account for "materials furnished by [Summit] under one entire general contract with [Higginbotham]." The account was stated as follows:

"Date of First Delivery:    November 10, 1971
Date of Last Delivery:    April 24, 1972

Total Amount Due:   $5,302.66

Lumber & building materials as ordered by John Wendell Higginbotham including nails, studs, rough cedar, trim, base, locks, masonite, doors, closet poles, window units delivered to Lot 136, WHITE RIDGE FARM."

Suit to enforce the lien was subsequently filed. At the trial, defendants Mahan objected that the account stated in the lien notice was not a "true and just account required by Chapter 429, RSMo * * *." Their motion to dismiss on that ground was overruled. Judgment was entered for plaintiff for the amount sued for against

Higginbotham and that amount was declared a lien against the property. The Mahans appeal.

In this court, appellants renew their complaint that the notice of lien filed by Summit was not a valid lien statement.

■ Section 429.080, RSMo 1978, requires a mechanic's lien statement to include "a just and true account of the demand due him or them after all just credits have been given, * * *." "A substantial compliance with that requirement is a condition precedent to the right of a lien claimant to maintain his action and to fix a lien upon the property." *Putnam v. Heathman*, 367 S.W.2d 823, 828[6] (Mo.App.1963).

"The reason the 'just and true account' is required is stated in *Wadsworth Homes, Inc. v. Woodridge Corporation*, 358 S.W.2d 288, 291[2] (Mo.App.1962) to be:

'so that the landowners and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building; whether they were lienable items, and whether the amount charged is proper. *Grace v. Nesbitt et al.*, 109 Mo. 9, 18 S.W. 1118; *State ex rel. O'Malley v. Reynolds*, 266 Mo. 595, 182 S.W. 743.'" *Bernard v. Merrick*, 549 S.W.2d 561, 563 (Mo.App. 1977).

Obviously, the lien statement in this case provided no basis for an investigation as to whether the materials went into the house, whether they were lienable items or whether the amount charged was proper. In *Bernard*, the account was "as per attached bills, incorporated herein and made a part hereof, the unpaid balance of which totals $11,756.04." 549 S.W.2d at 562. The attached bills showed merely an invoice number, the date and amount of the invoice, with a running balance. The account was held insufficient because it contained no information concerning the nature of the material sold and furnished. Here the account does state generally the nature of the material but the information would be wholly inadequate to provide the basis for a third party to investigate the use of the materials and the propriety of the charge therefor.

Cases point out that the requirement of a "just and true account" calls for "a fairly itemized account, showing what the materials are, and the work that was done, and the price charged, * * *." *Rude v. Mitchell*, 97 Mo. 365, 373, 11 S.W. 225, 227 (1889). See also *Springfield Planing Mill, Lumber and Construction Co. v. Krebs*, 196 Mo.App. 432, 193 S.W. 621, 622–623[1–3] (1917). The account filed in this case is wholly lacking in itemization.

Respondent invokes the rule calling for liberal construction of the mechanic's lien law, citing *Bremer v. Mohr*, 478 S.W.2d 14, 17 (Mo.App.1972); *Kinnear Manufacturing Co. v. Myers*, 452 S.W.2d 599, 602 (Mo.App. 1970). However, in *Putnam*, the court pointed out that: " * * * since the lien is purely a creature of statute, the policy of liberal construction does not relieve the lien claimant from the necessity of reasonably and substantially complying with the requirements of the statute in order to secure its benefits. *Wadsworth Homes Inc. v. Woodridge Corporation*, Mo.App., 358 S.W.2d 288. A stricter construction of the lien statutes will be maintained where the rights of third persons, as subsequent purchasers, are affected by the lien claim. *Rall Bros. v. McCrary*, 45 Mo.App. 365; *DeWitt v. Smith*, 63 Mo. 263." 367 S.W.2d at 828.

Respondent invokes statements in *Springfield Planing Mill, Lumber and Construction Co.* to the effect that the lien statement is adequate " * * * if the lien account filed is as definite and specific as the contract under which the labor or material or both were furnished." 193 S.W. at 622. Respondent describes its contract with Higginbotham as "a continuous contract to supply the materials necessary to construct the house * * *." However, there was no contractual relationship between the parties except as was brought about upon the order and delivery from time to time of materials. Thus, if the language of Springfield Planing Mill, relied upon by respondent, is to be taken literally, it would re-

quire details as to each transaction. No such literal compliance is required but that case provides no authority for approval of the lien statement in this case.

■ Finally, respondent relies upon the "lump sum" rule which permits an original contractor with the owner under a contract to construct improvements for a fixed price to state his lien account in a lump sum. *Malott Electric Co. v. Bryan Enterprises, Inc.*, 549 S.W.2d 558, 559 (Mo.App.1977). The answer to this contention is that there was no fixed price contract between respondent and Higginbotham. The fact that the contractor was also the owner does not permit reliance on the "lump sum" rule. *H. B. Deal & Co. Inc. v. Hamilton-Brown Shoe Co. et al.*, 349 Mo. 275, 160 S.W.2d 719, 721[1, 2] (1942).

The lien statement in this case did not contain a "true and just account," required by Section 429.080. The trial court should have sustained appellants' motion to dismiss.

Reversed and remanded with directions to sustain the motion to dismiss by appellants and to enter judgment in their favor.

All concur.