**James G. ZUNDEL, Plaintiff-Appellant,**

v.

**The EDGE, INC., et al.,
Defendants-Respondents.**

**No. 49978.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 11, 1986.

Martin, Bahn & Cervantes, St. Louis, for plaintiff-appellant.

Barry and Bresnahan, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

Appellant James Zundel appeals from the trial court's order dismissing his petition to enforce a mechanic's lien and overruling his motion for reconsideration and for leave to amend his pleadings. We affirm.

On March 23, 1984, appellant filed his mechanic's lien in the Circuit Court of the City of St. Louis for services he allegedly provided to Lester Golubovich, now deceased, who was the principal owner of a St. Louis restaurant known as "The Edge." He filed his petition on June 28, 1984, and named the following as defendants: the Estate of Lester Golubovich by Burton Greenberg, executor; The Edge, Inc.; Frank Bommarito; Shirley Bommarito; Royal Bank Westside; and Mary Barry. Count I of his petition was an action to enforce the mechanic's lien. Count II was an action in quantum meruit against Frank Bommarito, the alleged partner of Mr. Golubovich, on the debt.

On August 2, 1984, Burton Greenberg, as executor of Mr. Golubovich's estate, filed a motion to dismiss appellant's action to enforce the mechanic's lien. Likewise, on August 10, 1984, The Edge, Inc., Frank Bommarito, Shirley Bommarito, Royal Bank Westside, and Mary Barry also filed motions to dismiss appellant's action to enforce the lien. The trial court sustained all these motions on September 18, 1984, and designated the dismissal of Count I a final appealable order.

The next day, on September 19, 1984, the trial court granted appellant's ex parte request to stay the dismissal of Count I pending a hearing on appellant's motion for reconsideration or, in the alternative, for leave to amend his pleadings. In this order, the trial court set the hearing for October 8, 1984. This hearing, however, was never held because the scheduled date was a holiday nor was it ever reset.

On January 20, 1985, The Edge, Inc., Frank Bommarito, and Shirley Bommarito moved the trial court for an order releasing the lien claimed by appellant in Count I. On March 1, 1985, the trial court lifted the stay, dismissed Count I for the second time, and overruled appellant's motion for reconsideration and for leave to amend his pleadings. From this final appealable order, appellant now appeals.

Although appellant raises nine points of error, his appeal may be disposed of by the resolution of two crucial questions: (1) whether the appellant filed "a just and true account" as required by RSMo § 429.080 (1978), and (2) if not, whether the trial court erred in denying his motion for leave to amend his pleadings.

RSMo § 429.080 requires a lien claimant to file "a just and true account of the demand due ..." as a condition precedent to his right to fix a mechanic's lien upon the property. *Summit Lumber Company, Inc. v. Higginbotham*, 586 S.W.2d 799, 801 (Mo.App.1979). Unless the claimant is an original contractor who has made a lump sum contract with the landowner, his lien account must substantially comply with the statute and be fairly itemized to enable the landowner and others to learn from the account whether the labor and materials allegedly supplied by the claimant actually went into the building, whether these items were lienable, and whether the amounts charged were proper. *Wadsworth Homes, Inc. v. Woodridge Corporation*, 358 S.W.2d 288, 291 (Mo.App.1962).

In the present case, appellant filed his mechanic's lien on March 23, 1984, for labor and materials he allegedly furnished to Mr. Golubovich from October 1979 to Feb-

ruary 1984. His "just and true account" was attached to his petition and stated the following:

TO: "THE EDGE" Restaurant and Heirs
    Lester J. Golubovitch [sic]
    2300 LaSalle Street
    St. Louis, MO
FOR: Design, Planning, Construction, Labor and Supervision of work performed in new dining areas, cocktail lounge, foyers, restrooms and warehouse/storage addition,
AND: Planning, Design and Construction of special paneling, woodwork, millwork, fixtures and stained glass for dining areas and cocktail lounges.
Included: All planning, design, construction and supervision.
All carpentry, labor, drywall and taping, painting, fixture installation, partial wiring and plumbing, concrete block and cement work:

| | |
|---|---|
| 3,300 sq. ft. at $50.00/sq. ft. = | $165,000.00 |
| Less: cost of materials: | 25,000.00 |
| Balance due—general work = | $140,000.00 |
| (Total time expended: 4,400 hours) | |
| Brickwork, special carpentry and fixture work: | $ 40,000.00 |
| | $180,000.00 |
| Additional work since 5/26/81, repair, refinishing, labor—completion of lounge and dining areas: | $ 25,000.00 |
| Updated Billing and continuing service: | |
| Continued participation in repair work, selection of fabric, wall coverings, furnishings color and accenting and checking and modification of original work up through September 27, 1983: | $205,000.00 |

■ Applying the principles cited earlier, we cannot consider appellant's account "just and true." Indeed, it is nothing more than a collection of several lump sums. Since appellant never claimed to have made a lump sum contract with Mr. Golubovich for The Edge, his lien account was required to be fairly itemized to show what materials were furnished, what work was done, and what prices were charged. *Summit Lumber*, 586 S.W.2d at 801.

Appellant's account wholly lacks the required itemization. Although his account generally describes the nature of the work done, it is entirely inadequate to inform anyone, save the appellant, whether the materials and labor he claims to have furnished to The Edge actually went into the restaurant, whether these items were lienable, and whether the amounts charged were reasonable and proper.

Having concluded that appellant failed to file "a just and true account," we next address the remaining crucial question for our determination which is whether the trial court erred in denying appellant's motion for leave to amend his pleadings.

■ RSMo § 429.080 requires an original contractor to file his "just and true account" within six months after the indebtedness accrues. Once this time period expires, the lien claimant may no longer remedy a defective lien account by filing an amended one. *Mississippi Woodworking Company v. Maher*, 273 S.W.2d 753, 756 (Mo.App.1954). In the present case, appellant's lien account failed for want of itemization. Since the claimed indebtedness accrued in February 1984 the appellant was no longer able to amend his account, as a matter of law, at the time Count I of his petition was first dismissed on September 18, 1984, because the six month statutory period for filing had expired.

Because appellant neither complied with the requirements of RSMo § 429.080 nor had further opportunity, as a matter of law, to remedy his defective lien account, the trial court did not err in dismissing Count I of appellant's petition nor in overruling appellant's motion for leave to amend his pleadings.

Since appellant's failure to submit "a just and true account" and his inability to amend as a matter of law are dispositive of his appeal, we need not address appellant's other points of error. No reversible error of law appears and an extended discussion of these points would serve no precedential value. Rule 84.16(b).

The judgment of the trial court is affirmed.

CRANDALL, P.J., and SATZ, J., concurs.