## THE ALSOP PROCESS COMPANY, Respondent, v. CONTINENTAL INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, January 5, 1914.

FIRE INSURANCE: Policies. A provision in a policy of fire insurance that the assured should only be entitled to the same proportion of the loss that the amount of his insurance bore to the value of the property is, in effect, coinsurance and is void under Sec. 7023, R. S. 1909. Thus, if the amount of insurance is only one-third of the value of the property at time of fire, the assured would only be entitled to one-third of the amount of the loss.

Appeal from Cooper Circuit Court.—*Hon. John M. Williams,* Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein* for appellant.

*Williams & Williams* and *Jeffries & Crum* for respondent.

ELLISON, P. J.—Plaintiff's action is based on a policy of fire insurance for $1250, and it obtained judgment in the trial court for the full amount.

The policy contained a provision called a "Reduced Rate Agreement." It is as follows:

"In consideration of the reduced rate of premium charged for this policy it is hereby mutually understood and agreed that this company shall, in case of loss or damage, be liable for such portion only of the loss or damage as the amount insured by this policy shall bear to the actual .cash value of the property covered by this policy at the time of the fire. Provided, however, that if the whole insurance shall be

greater than the value of the property covered, this company shall not be liable for a greater portion of the loss or damage than the amount insured by this policy bears to the whole insurance covering the property at the time of the fire."

The value of the property insured was $21,703.50, and the total insurance, including policy in suit, was $5500. The total loss suffered at the fire was $12,771.03 and defendant's position is that under the terms of the foregoing provision it is only liable for $733.14 and that amount it tendered and plaintiff refused, insisting that the full face of the policy was due.

Plaintiff conceded that if the foregoing provision is valid the tender made by defendant covers its liability. But plaintiff's position is that such provision is void as being in the face of section 7023, Revised Statutes 1909, reading as follows:

"No fire insurance policy which may be issued after this section takes effect shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that covered by such policy, nor in any way providing that the assured shall be liable as coinsurer with the company issuing the policy for any part of the loss or damage which may be occasioned by fire or lightning to the property covered by such policy, nor making provisions for a reduction of such loss or damage, or any part thereof, by reason of the failure of the assured to take out and maintain other insurance upon said property. And all clauses and provisions in fire policies, issued after the taking effect of this section, in contravention of the prohibitions in this section contained, shall be *ab initio* void and of no effect."

The effect of the provision in the policy is that notwithstanding the insured's loss is *more* than the sum named as insurance, yet he can only claim a part of that sum. That is to say, by way of illustration, if the policy is for $1000 and the cash value of the

property at time of fire is $3000 and the loss is $2100, since the policy is only one-third of the value, the insured can only claim one-third the amount of his loss which in this case would be $700, which is $300 less than the amount called for in the policy. It thus seems clear that the insured is forced to share his loss with the insurer, notwithstanding it cuts down the amount of his policy. In other words in his chances of a fire, he carries *a part* of his own risk. Such provision is recognized as a coinsurance contract.

We think this violates the statute. The statute reads that the policy shall not "in *any way* provide that the insured shall be liable as a coinsurer" for any part of the loss; yet it does in some way very effectually make such provision, for it compels him to bear a material part of his own loss. He must settle with the insurer just as he would had another company had concurrent insurance, that is to say, he must cut down the insurer's liability for a part of the loss. It is true the terms of the policy are not in the words of the statute. But the English language is so flexible that different words, framed in different ways, will mean the same thing, and therefore the enforcement of a civil statute is rarely left to the manipulation of words.

In Michigan (2 Comp. Laws, sec. 5183) insurance companies were forbidden to provide that their liability be restricted by reason of the failure of the insured to insure the property covered by the policy for any certain amount or proportion of the actual value of such property. A policy was issued with this stipulation:

"In consideration of a reduced rate of premium, it is hereby agreed that in case of loss, this company will pay only such proportion of the loss as the sum hereby insured bears to eighty per cent of the value of the property insured, but in no case shall this company be liable for a greater proportion of any loss that the amount hereby insured bears to the whole in-

surance whether valid or not." This was held to be, in effect, a provision for coinsurance; and though it did not set forth an agreement falling within the letter of the statute yet the law should not be "evaded by mere phraseology." The views expressed in that case were approved in Damhs & Sons Co. v. Ins. Co., 153 Iowa, 168. A similar provision in a New York policy was recognized as coinsurance. Percentage coinsurance clause "means insurance by the company and the owner, depending upon the percentage or proportion which the insurance bears to the value." [Farmers' Feed Co. v. Ins. Co., 173 N. Y. 241, 247.]

We have not been able to see why section 7030 of the statute should influence the construction of section 7023 in favor of defendants. It provides that "No company shall take a risk on any property in this State at a ratio greater than three-fourths of the value of the property insured, and when taken, its value shall not be questioned in any proceeding." The statute does not require that a policy shall be taken in a sum three-fourths of the value, nor does it mean that if not taken in that proportion, the owner shall bear any part of the loss. Nor do we see that the case of Surface v. Ins. Co., 157 Mo. App. 570, in any way aids defendant's theory of defense.

The judgment should be affirmed. All concur.