C. E. NEWCOMER, Alfred R. Newcomer and Edna Newcomer, d/b/a Newcomer Poultry Farms, Plaintiffs,

v.

The STANDARD FIRE INSURANCE COMPANY, Defendant.

No. 57 C 559(3).

United States District Court
E. D. Missouri, E. D.

Sept. 19, 1958.

Sam Richeson, Dearing, Richeson & Weier, Hillsboro, Mo., for plaintiffs.

Morris E. Stokes, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., for defendant.

WEBER, District Judge.

Plaintiffs, doing business as C. E. Newcomer Poultry Farms, were engaged in the turkey-poultry business at Potosi, Missouri. Defendant issued its policy of insurance to plaintiffs on live poultry owned by them in the amount of $5,200 on 2,600 laying hens, not exceeding $2 on any one, and $4,000 on 800 breeding males, not exceeding $5 on any one. The policy insured against "death to the poultry directly and immediately caused by (1) fire and lightning, (2) smoke, (3) windstorm and hail, (4) explosion, (5) earthquake, (6) rioters, strikers or civil commotion, (7) flood, (8) falling aircrafts or falling objects from aircraft, and (9) collision or overturn of transporting vehicles; collision with other vehicles, except those owned or operated by the assured or grower or their employees."

Plaintiffs suffered a fire on their premises and alleged that they lost (and the defendant admits the number) 2,065 hens and 367 breeding males. Plaintiffs also alleged receipt of $584.84 paid by another insurance company and admitted that such amount should be deducted from any recovery to which they were entitled. Plaintiffs' original suit was brought in the circuit court and removed to this court upon the diversity of citizenship of the defendant. The proper amount and diversity exist and, therefore, this court assumed and has jurisdiction.

Defendant tendered $1,895.16 into the Registry of the Court contending this was the total amount of liability under the terms and conditions of its policy. This contention is bottomed upon the premise that paragraph 3(e) of the policy in question [1] is a coinsurance provision and, therefore, defendant does not owe the full amount insured for but only for the proportion that it bears to the total value of the property insured. In Alsop Process Co. v. Continental Ins. Co., 1914, 175 Mo.App. 317, 162 S.W. 313, a similar provision in an insurance policy was held to be a coinsurance clause. Therefore, with the defendant contending, the paintiffs admitting and the Missouri courts holding this type of clause to be a coinsurance provision, we can then go on to the serious contentions proposed by the parties with reference to the effect of this clause in this particular policy, under the proof of this case, and in the light and purview of the Missouri statutes involved.

---

1. "Paragraph 3(e) (Limitations and Conditions) This company shall be liable in the event of loss for no greater proportion thereof than the amount of applicable insurance hereunder bears to the actual value of the property to which the insurance is applicable at the time when such loss shall occur."

A review of the history of Missouri statutory provisions for insurance leaves one with the conclusion that originally this state divided insurance into two basic groupings, i. e., life insurance and insurance other than life. Subsequently, other insurance statutes were adopted broadening the field, such as the statutory provisions for automobile insurance as the motor vehicle came into general and extensive usage and provision for the formation of mutual insurance companies. V.A.M.S. §§ 379.025 and 379.085. These are just given as examples of the Missouri legislature enacting statutes to cover the field of insurance required by changing conditions and times. However, generally and basically speaking, Missouri insurance laws still fall in the two above-mentioned basic categories.

V.A.M.S. § 379.010 provides for the organization of insurance companies other than life, and the purposes for which they can be incorporated. Paragraph 1(1) of that section provides:

"To make insurance on houses, buildings, merchandise, furniture and all kinds of property, against loss or damage by fire, lightning, hail and windstorm and earthquake; to make all kinds of insurance on ships, steamboats and other vessels, and their freight, and cargoes, and also on goods, merchandise, produce and all other kinds of property in the course of transportation, whether by land or water, and to lend money on bottomry and respondentia;" [2]

Now, we must turn to the sections of the statute which apply to the above organizational section to determine limitations placed upon the types of insurance authorized. In order to do that, it is necessary to read the two statutory sections applying to the issues of this case.[3] It can be seen from V.A.M.S. § 379.155 that no fire insurance policy may contain a coinsurance clause and if it does, said clause shall be ab initio void and of no effect. This section was passed by the Legislature in 1893 (Laws 1893, p. 186). In 1903 (Laws 1903, p. 209) the Legislature added an amendment (which is not quoted in Footnote 3) which allowed insurance companies to issue policies with coinsurance clauses upon personal property in cities of one hundred thousand inhabitants or more.

In the case of Templeton v. Insurance Co. of North America of Pa., Mo.App., 201 S.W.2d 784, decided by the St. Louis Court of Appeals in 1947, the late Judge Walter Bennick wrote a very able opinion tracing the history of the two statutory provisions set forth in Footnote 3 hereof. This case dealt with the question of

---

2. Subparagraphs (2) and (3) of paragraph 1, V.A.M.S. § 379.010 provide for insurance on horses, cattle and livestock insurance, and paragraph 2 thereof provides for "Jeweler's block insurance", but these provisions have no application to the case at bar.

3. V.A.M.S. § 379.155: *"No fire insurance policy* which may be issued after this section takes effect shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that covered by such policy, nor in any way providing that the assured shall be liable as coinsurer with the company issuing the policy for any part of the loss or damage which may be occasioned by fire or lightning to the property covered by such policy, nor making provisions for a reduction of such loss or damage, or any part thereof, by reason of the failure of the assured to take out and maintain other insurance upon said property. And all clauses and provisions in *fire policies*, issued after the taking effect of this section, *in contravention of the prohibitions in this section contained, shall be ab initio void and of no effect;* * * *"
(Italics supplied.)

V.A.M.S. § 379.160, subd. 3 " * * * provided, that on any policies issued upon property, real or personal, or real and personal, there may be attached a coinsurance clause; and provided further, that *when a coinsurance clause is attached to any policy, a reduction in rate shall be given therefor, in accordance with coinsurance credits that are now or may hereafter be filed as a part of the public rating record in the office of superintendent of insurance in this state,* by fire insurance companies, that have been or shall hereafter be approved by the superintendent of insurance; * * *" (Italics supplied.)

whether or not V.A.M.S. § 379.160 repealed V.A.M.S. § 379.155. The Court held that it did not. At loc. cit. 788, the Court said,

"It is thus to be seen that so far as Section 5933 (now V.A.M.S. § 379.155) is concerned, it absolutely prohibits the inclusion of co-insurance provisions in fire policies, save only that in cities of 100,000 inhabitants or more, co-insurance provisions may be inserted in policies issued upon personal as distinguished from real property, * * *."

And at loc. cit. 790, the Court further said,

"If the Legislature, in enacting Section 5940, (now V.A.M.S. § 379.160) had intended to repeal Section 5933, it would undoubtedly have done so in express terms; and the conclusion therefore seems inescapable that the Legislature intended Section 5933 to stand notwithstanding the enactment of Section 5940, but with the latter to be a limitation upon the *former absolute prohibition against a provision for co-insurance* unless falling within the proviso to Section 5933. In this manner both sections may be harmonized so far as the purposes of the present case are concerned, * * *." (Italics supplied.)

It can thus be determined from the holding in Templeton v. Insurance Co. of North America of Pa., supra, that coinsurance is prohibited in fire insurance policies unless the insurance company has given "a reduction in rate * * * in accordance with coinsurance credits that are now or may hereafter be filed as a part of the public rating record in the office of superintendent of insurance in this state," V.A.M.S. § 379.160, subd. 3.[3] See also Wolf v. Hartford Fire Ins. Co., 219 Mo.App. 307, 269 S.W. 701, loc. cit. 705, and Tinsley v. Aetna Ins. Co., 199 Mo.App. 693, 205 S.W. 78, loc. cit. 81.

The next question to be determined is whether or not the policy in question is a fire insurance policy. In Nalley v. Home Ins. Co., 1913, 250 Mo. 452, 157 S.W. 769, loc. cit. 774, the Court, in interpreting the same statute here in question, i. e., V.A.M.S. § 379.160, said,

"Ordinarily when we speak of a fire insurance policy we mean one which covers loss by both fire and lightning. Such has been the general understanding of fire insurance policies for years, and such has been the general understanding of 'fire insurance'; i. e., an indemnity against loss both by actual fire and by lightning."

The policy in question, while protecting the loss of the poultry of the insureds caused by fire and lightning, also provides for other losses. One of the other losses provided for is a loss occurring while the poultry might be in transit. Losses occurring in transit, both by land or by water, have been treated as marine or inland marine insurance. Davis Yarn Co., Inc., v. Brooklyn Yarn Dye Co., Inc., 293 N.Y. 236, 56 N.E.2d 564; Northwestern National Ins. Co. of Milwaukee v. Mortensen, 230 Wis. 377, 284 N.W. 13. Coinsurance clauses are a hand down from the marine insurance "average" doctrine and have been held valid at common law. Templeton v. Insurance Co. of North America of Pa., supra, 201 S.W.2d at loc. cit. 786; Wolf v. Hartford Fire Ins. Co., supra, 269 S.W. at loc. cit. 705.

However, where statutes are enacted by the Legislature, the common law does not prevail and Missouri has enacted such a statutory provision in V.A.M.S. § 379.155 (Wolf v. Hartford Ins. Co., supra, 269 S.W. at loc. cit. 705; Templeton v. Insurance Co. of North America, supra, 201 S.W.2d at loc. cit. 787), and the pertinent provisions of a statute in force when a policy of insurance takes effect, become part and parcel of the contract of insurance as if embodied therein. Tinsley v. Aetna Ins. Co., supra, 205 S.W. at loc. cit. 81; Havens v. Germania Fire Ins. Co., 123 Mo. 403, 27 S.W. 718, 26 L.R.A. 107; Sharp v. Niagara Fire Ins. Co., 164 Mo. App. 475, 147 S.W. 154.

In the case of Vermes Credit Jewelry, Inc., v. Fireman's Fund Ins. Co., D.C. Minn.1950, 92 F.Supp. 905, the district court was confronted with a case involving a "Jeweler's Block Policy" which covered valuables against loss or damage of all types and from any means. The damage was actually done by fire. The court held that a statutory provision applied to fire hazards covered by policies which include protection against other hazards and that a fire insurance policy was involved. On appeal, in Fireman's Fund Ins. Co. v. Vermes Credit Jewelry, Inc., 185 F.2d 142, 145, the Eighth Circuit Court of Appeals affirmed the district court decision and indicated that a policy of insurance is judged by the risk or risks insured against and not by the label given the policy nor the classification of it. The court said,

> "It seems safe to say that a Minnesota policy insuring a stock of goods at a fixed location against loss by fire is, to that extent at least, a fire insurance contract, even though it covers other risks and provides broader coverage in some respects against a fire loss than does the standard form."

The policy in question provides for a loss from fire and lightning; the actual loss which insureds sustained was caused by fire; the loss did not occur in transit. It may also be stated that the policy was issued to the insureds doing business as the "C. E. Newcomer Poultry Farms, Potosi, Missouri." The defendant knew, or should have known, that this poultry was being raised on plaintiffs' farm and that carrying it to market was only the incidental end result of the period the poultry would be on the farm. The courts have always held that insurance policies must be strictly construed against the insurer. Cleaver v. Central States Life Ins. Co., 346 Mo. 548, 142 S.W.2d 474, 129 A.L.R. 1094; Henderson v. Massachusetts Bonding & Insurance Co., 337 Mo. 1, 84 S.W.2d 922; Dolph v. Maryland Casualty Co., 303 Mo. 534, 261 S.W. 330. That principle and theory of law is too well established to require further citations.

The plaintiffs sought fire protection for their poultry and the defendant offered it to them; the loss incurred was a fire loss; other coverages were incidental to the fire provisions; V.A.M.S. § 379.010, subd. 1(1) has been interpreted by the Missouri courts to provide authorization for issuance of fire insurance. Therefore, it would be absurd to say that this is anything other than a fire insurance policy and, construing this policy from its four corners and from a review of Missouri's statutory provisions and the decisions interpreting them, it is this court's conclusion and holding that the policy in question is a fire insurance policy.

Being a fire insurance policy, and containing a coinsurance clause, it is therefore ab initio void (V.A.M.S. § 379.155) unless the defendant has filed its rate in accordance with coinsurance credits in the public rating records in the office of the superintendent of insurance of Missouri (V.A.M.S. § 379.160, subd. 3). Templeton v. Insurance Co. of North America of Pa., supra.

The defendant contends further in this case that if this court (as it has) should decide that this is a fire insurance policy, that even then the plaintiffs should fail because the plaintiffs failed to offer proof that the coinsurance rates were not on file in the office of the superintendent of insurance. In other words, the defendant is saying that even if this is a fire insurance policy, and the coinsurance provision is void, yet, the plaintiffs cannot recover if the plaintiffs do not show that the defendant did not file its rates.

What the defendant is contending is that the plaintiffs must offer proof on a negative issue. The statute made it the duty of the defendant to file the rates; if they have been filed, the defendant was in the best position to know of it and obtain a certification from the superintendent of insurance to that effect; and the

coinsurance clause is invalid unless defendant has filed its rates.

In Foster v. Aetna Life Ins. Co., 352 Mo. 166, 176 S.W.2d 482, the Missouri Supreme Court held that where the fact to be proved is a negative as to the plaintiff and is within the knowledge of the defendant, the defendant has the burden of going forward with the evidence, although the burden of proof does not change. In Turner v. National Benevolent Society, 224 Mo.App. 463, 28 S.W.2d 125, the Court held that when an insurance company pleads the exception provided in the policy and relies upon it as a defense, it is an affirmative defense and the burden of proof is upon defendant to sustain it.

The coinsurance clause, although technically not an exception, is certainly a limitation upon defendant's liability and, therefore, should be treated as an exception requiring the defendant to bear the burden. Further, the defendant is asking the plaintiffs to prove that it did not do something when the defendant knows all the time whether it has done it or not.

While the proof in the case does not affirmatively show that the defendant did not file the rates, yet the defendant in its brief herein admits it. In page 11 of defendant's brief, defendant says, "in the second place, insofar as policies of the type here are concerned, no insurance credits are now, or ever have been, on file as a part of the public record in the office of the superintendent of insurance in this state, nor has any such schedule been approved by that office."

Therefore, this Court holds that the defendant, if it desires to bring itself within the provisions of the statute allowing coinsurance where it files its rates with the superintendent of insurance (V.A.M.S. § 379.160, subd. 3), has the burden of establishing that it has so filed its rates.

In summation, it can be said that the defendant has issued a policy of fire insurance containing a coinsurance clause; defendant has failed to show that it has filed its rates as provided by the statutes of Missouri; defendant has admitted in its briefs that it has not so filed them; therefore, the coinsurance clause is invalid and void under the provisions of V.A.M.S. § 379.155 and plaintiffs are entitled to recover the full amount of their loss less the amount paid by the other company and the amount heretofore tendered into court by defendant.

An Order shall be prepared finding the issues for the plaintiffs and against the defendant and allowing plaintiffs damages for 2,065 hens at $2 each, and 367 breeding males at $5 each, for a total of $5,965, less $1,895.16 tendered into court by defendant and $584.84 paid by another insurance company on the same loss, or, a net additional judgment of $3,485.