**Donald BRESNAN, et al., Appellants,**

v.

**BASIC ELECTRIC COMPANY, and
Drury Inn—Westport, et al.,
Defendants-Respondents.**

**No. 50584.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 18, 1986.

Application to Transfer Denied
Jan. 13, 1987.

**4**

James I. Singer, Matthew J. Duensing, St. Louis, for appellants.

Carl J. Spector, David S. Slavkin, St. Louis, for defendants-respondents.

SNYDER, Chief Judge.

The trustees of several employee trust funds, held for union electrician beneficiaries in the St. Louis metropolitan area, appeal from a judgment of the trial court denying the establishment of mechanic's liens against the real property and improvements at the Drury Inn—Westport, a motel complex in St. Louis County.

The trustees of these employee benefit trust funds contend the trial court erred in its rulings that: (1) they have no basis to assert their claims for mechanic's liens; and (2) they failed to comply with the provisions of § 429.080 RSMo. 1978. The trustees argue that: (1) they have an exclusive right to enforce the payment of fund contributions in behalf of the union electricians under federal law and the trust agreements; and (2) their lien statement did comply with § 429.080 RSMo. 1978 because the statement reasonably and substantially contained a just and true account of the demand due and that multiple lien claims were not accumulated. The judgment is affirmed.

The parties submitted the case to the trial court on stipulated facts and exhibits. Basic Electric Company, an electrical subcontractor, had a contract with Drury Development Corporation, the general contractor on the Drury Inn—Westport project, to provide electrical work on the motel complex under construction; Basic did not have a contract with the owner of the property where the project was built.

Basic also had a collective bargaining agreement with Local Union 1, International Brotherhood of Electrical Workers, obligating Basic to make contributions to certain employee benefit trust fund accounts at a specified rate for each hour Basic's union electricians spent working on the project. The trust fund amounts were in addition to the wages paid directly to the union electricians and were calculated by applying the agreed upon hourly rates for each trust fund to the number of hours the electricians worked.

Basic employed several union electricians. During the months of March and April in 1983 the electricians furnished labor for the construction and erection of electrical improvements on the Drury Inn—Westport project. Although the electricians received the wages payable directly to them, Basic violated the collective bargaining agreement with the union employees by failing to make the required contributions to the employees' trust funds. The trustees of the various funds filed a mechanic's lien statement against the Drury Inn—Westport Plaza real property and improvements on behalf of the union electricians who worked on the project, seeking to impose a lien on the property for the amount of the unpaid trust contributions.

The mechanic's lien statement filed by the appellant trustees reads in part:

... Trustees ... on behalf of the employees of Basic Electric Company, who are members of Local 2, International Brotherhood of Electrical Workers, AFL-CIO, and Kelvin Brown, James Duffy, Elmer Foerstel, Pat King, Jr., Ray Landwehr, William Harrison, Gary Mackay, Richard Niewoehner, Everett Simmons, R. Hennessy, D. Kossmann, D. Appelbaum, and B.R. Gipson, individuals who were employed by Basic Electric Company, and who were members of Local 1, International Brotherhood of Electrical Workers, AFL-CIO ... file the account below set forth for labor furnished by employees who were members of Local 1, International Brotherhood of Electrical Workers, AFL-CIO, and employed by Basic Electric Company which ... was the electric subcontractor of Drury Construction Company and which performed electrical improvements ... on the following real estate [metes and bounds description of

real estate from St. Louis County Records] ...

.   .   .   .   .

For furnishing labor for the construction and erection of electrical improvements located in the County of St. Louis, State of Missouri, and situated on the above-described real estate, furnished between the dates of on or about February 1, 1983, to on or about April 6, 1983, by employees who were members of Local 1, International Brotherhood of Electrical Workers, AFL–CIO, and, pursuant to the terms of the Collective Bargaining Agreement between Basic Electric Company and Local 1, were entitled to the following unpaid benefits: [dollar amounts owed to each benefit fund]

.   .   .   .   .

... [S]aid labor was furnished for and actually entered into the construction of said buildings, sheds, fences, sidewalks, appurtenances and improvements, and on which said date said account accrued and became due and payable. All of the items of said account were furnished under one arrangement and constituted one continuous running account. Each and every item of said account was furnished for said buildings, sheds, fences, sidewalks, appurtenances, and improvements and personal property actually entered into the construction of said buildings, sheds, fences, sidewalks, appurtenances and improvements.

The trial court entered judgment in favor of the trustees and against Basic for the amounts owed to the various trust funds but denied the mechanic's lien claims because the trustees "neither performed any work or labor upon any building, erection or improvement on the subject real estate nor did any of the electricians through whom the [trustees] claim their rights assign any claims for mechanic's liens to the [trustees]."

The court also held that, even if the trustees had a right to assert claims for the mechanic's liens on behalf of each individual union electrician, the trustees failed to comply with the provisions of § 429.080 RSMo. 1978 because the trustees "have failed to include within their purported 'just and true account' an itemized account of the work that was done and the price that was charged for which a lien was sought and further have accumulated multiple lien claims into a single account statement".

▪ In a court-tried case upon a stipulation of facts, the only question for review by the appellate court is whether the trial court drew the proper legal conclusions from those facts. *Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 398 (Mo. App.1984). This court addresses only the legal consequences of the stipulated facts and submitted exhibits, *id.*, and agrees with the trial court that the mechanic's lien statement was deficient. It is unnecessary to decide whether the trustees have standing to enforce mechanic's liens on behalf of the electrician beneficiaries who worked on the project or the issue of the propriety of accumulating multiple lien claims.

Section 429.080 RSMo. 1978 requires filing a statement of lien containing (1) "a just and true account of the demand due ... after all just credits have been given ...,". The requirement that a lien claimant file "a just and true account of the demand due" is a condition precedent to his right to a judgment establishing a mechanic's lien in his favor upon the property. *Zundel v. Edge, Inc.*, 705 S.W.2d 113, 114 (Mo.App.1986).

The requirement of a "just and true account" calls for "a fairly itemized account, showing what the materials are, and the work that was done, and the price charged." *Summit Lumber Co. v. Higginbotham*, 586 S.W.2d 799, 801 (Mo. App.1979) (quoting *Rude v. Mitchell*, 97 Mo. 365, 373, 11 S.W. 225, 227 (1889)). Itemization is required in order that "landowners and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building; whether they were liena-

ble items; and whether the amount charged is proper." *Summit Lumber Co.,* 586 S.W.2d at 801 (quoting *Wadsworth Homes, Inc. v. Woodridge Corp.,* 358 S.W.2d 288, 291 [2] (Mo.App.1962)).

The trustees acknowledge this intention, but argue that the underlying purpose of itemization affording landowners the opportunity to verify materials used is inappropriate here where the claim is only for labor expended.

■ The mechanic's lien statement here specifies only that the labor was performed "for electrical improvements", and that the labor "was furnished for and actually entered into the construction of said buildings, sheds, fences, sidewalks, appurtenances and improvements". Respondents correctly note this broad, generalized statement provides no basis for investigating what work was performed by the electricians, whether the work was lienable, and whether the amount charged for the work was proper. *See Summit Lumber Co.,* 586 S.W.2d at 801.

Although the amounts owed to the various trust funds are listed in the statement, no amount, either individually or in a lump sum, is listed for the labor furnished by the individual electricians for whom the trustees assert the mechanic's lien. No hourly rates are disclosed, nor are the numbers of hours worked by each electrician, nor the dates on which those hours were spent working on the project. The lien statement does not even say that the electricians who are named in the statement performed the work. It says only that the lien is filed on behalf of the named electricians and in a different paragraph that labor was furnished "by employees who are members of Local 1, International Brotherhood of Electrical Workers". The dates on which the work was performed by the individuals for whom the lien is claimed are not shown except by the general statement that all of the work was done between February 1, 1983 and April 6, 1983. The omission of individual amounts and times precludes an investigation of whether the labor charge was reasonable and, in fact, whether the labor was actually performed.

Appellant's lien statement was fatally defective because it did not contain the just and true account mandated by the statute and case law. *Mississippi Woodworking Co. v. Maher,* 273 S.W.2d 753, 756 [4] (Mo.App.1954).

Citing case law which demands only reasonable and substantial compliance with the statutory requirements, *Farmington Bldg. Supply Co. v. L.D. Pyatt Constr., Co.,* 627 S.W.2d 648, 650 (Mo.App.1981), and the statute itself which does not expressly require itemization, the trustees argue that "hour by hour, day by day, worker by worker itemization of a labor lien has never been required by the Missouri Courts for a mechanic's lien for labor".

The trustees, relying on *S & R Builders and Suppliers, Inc. v. Marler,* 610 S.W.2d 690, 696 [14] (Mo.App.1980), aver that their lien statement, as filed, satisfied the purpose of the lien law—to apprise landowners and other interested parties of labor and materials the lien claimant asserts he had furnished so that the landowner or others may make an investigation to determine whether the charges are reasonable.

In *S & R Builders and Suppliers, Inc. v. Marler,* the court held that a lien statement was a "just and true account" within the meaning of the statute, despite the lien claimant's failure to itemize labor. 610 S.W.2d at 696. The court stated it would have been preferable for the claimant to have been more specific in the application of his labor item. However, the claimant had listed each item of the materials used on the job, over eighty items, and then listed labor expended in a lump sum. The court concluded the lump sum labor item for the claimant's time was obviously for the installation of the materials used. *Id.* The detailed listing in the mechanic's lien statement in *S & R Builders and Suppliers* distinguishes it from the case at bar.

The cases the trustees rely on are distinguishable from the case at bar because in each of those cases the mechanic's lien statement considered as a whole, in con-

junction with the entire account listed, contained sufficient detail to satisfy the statutory requirements of the mechanic's lien law.

In *Oliver L. Taetz, Inc. v. Groff,* 363 Mo. 825, 253 S.W.2d 824 (1953), for example, the court held that when the lien account was considered as a whole, it provided a "just and true account". In *Groff,* Taetz was a builder on property owned by Groff and leased to the Eckelkamps. Taetz hired Shepard as electrical subcontractor and Pratt as a bricklayer subcontractor. Taetz filed a mechanic's lien which included, among several others, the lien item charge "final payment on account Thos. R. Pratt, Bricklaying Contractor ... $4,917.48" which the appellants challenged. The court held

> When this item [$4,917.48 bricklayer's charge] *is examined in connection with the entire lien account filed,* it would be concluded that Thos. R. Pratt had a contract to do the brick work necessary for the construction, that other items showing the price of brick and the amount paid for labor in connection with the brick work was paid by [Taetz] to this subcontractor, and that there was a balance of $4,917.48 due the subcontractor. We hold that this item would fairly apprise the owners and the public what was contained in it. It is not subject to the criticism of appellants that it is a 'lumping item' (emphasis added).

*Id.* at 830, 253 S.W.2d 824.

The lien statements in *S & R Builders and Suppliers, Inc.,* and *Groff* were far more detailed in the itemization of their accounts than was the statement in the case under review. The trial court properly concluded that the mechanic's lien statement filed by the trustees on behalf of the electricians did not comport with § 429.080 RSMo. 1978 because the statement did not contain a "just and true account" within the meaning of the statute.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.