HOUSING AUTHORITY OF ST. LOUIS COUNTY, Plaintiff–Appellant,

v.

Maurice BOONE and Laure Boone, Defendants–Respondents.

STATE of Missouri, ex rel. Laure BOONE, Relator–Respondent,

v.

John CALLEN, Executive Director of the Housing Authority of St. Louis County, Respondent–Appellant.

Nos. 52969, 52987.

Missouri Court of Appeals, Eastern District, Division Two.

March 15, 1988.

David V. Collignon, Private Attorney, Clayton, for respondent-appellant.

Susan Marie Alverson, Private Attorney, St. Louis, for relator-respondent.

DOWD, Judge.

Housing Authority appeals in mandamus and rent and possession action following judgment in favor of tenant Laure Boone. We affirm.

The Housing Authority of St. Louis County (hereinafter Housing Authority) is a municipal corporation which administers public housing in St. Louis County pursuant to the United States Housing Act, 42 U.S.C. § 1437 et seq. Under Housing Department Regulations, rent for public housing is determined by family income and composition. Rental amounts are subject to change over the term of a lease where warranted by a change in a tenant's family circumstances.

On September 1, 1985, Laure Boone and her husband Maurice Boone entered into a lease agreement with the Housing Authority for the purposes of occupying an apartment managed by the Housing Authority. Rent was set at $218.00 per month and was based on Maurice Boone's income alone as Laure Boone was not employed and had no independent income.

Laure and Maurice Boone moved into the apartment with their two children and made their rental payments for September, October, and November 1985. On November 20, 1985, Laure Boone contacted the Housing Authority by telephone requesting that Maurice Boone's name be removed from the lease. Laure Boone informed the Housing Authority that her husband had shot a gun off in the apartment and that she had demanded that he leave the premises. On November 25, 1985, Laure Boone requested in writing that her husband's name be removed from the lease.

Laure Boone applied for Aid to Families with Dependent Children (AFDC) on November 25, 1985 and was approved for AFDC payments of $274.00 per month on December 23, 1985. On December 24, 1985, Laure Boone delivered two letters to the Housing Authority notifying them that she was separated from her husband and that she would be receiving AFDC payments. In these letters she requested a hearing and in accordance with the terms of her lease, asked for a rent adjustment

based on the change in her family composition and income.

No rental payments were made in December 1985 or at anytime thereafter. On December 23, 1985, the Housing Authority mailed a letter to Laure Boone concerning eviction and collection of rent proceedings. Shortly thereafter on December 30, 1985, the Housing Authority commenced a rent and possession action against Maurice and Laure Boone in the Associate Circuit Court of St. Louis County.

Only after filing suit did the Housing Authority schedule a hearing pursuant to Laure Boone's request. A hearing was held on January 15, 1986. Laure Boone was not represented by counsel. She was advised at the hearing that Maurice Boone was entitled to a key to the apartment.

On January 15, 1986, the same day as the hearing, Laure Boone received an Ex Parte Order of Protection against Maurice Boone. She brought a copy of the protection order to the Housing Authority on January 15, 1986. Nonetheless, on or about January 15, 1986 the Housing Authority gave Maurice Boone a key to the apartment. Maurice Boone attempted to use the key but it did not fit the lock. He broke a window to gain access to the apartment and removed all of the locks leaving the apartment unsecured.

In January 1986, after receiving her first AFDC check, Laure Boone inquired as to how she could begin paying rent but was told by the Housing Authority that she would have to wait until the rent and possession action was resolved. On April 19, 1986, Laure Boone filed a petition for mandamus against John Callen, the Executive Director of the Housing Authority of St. Louis County, alleging the Housing Authority failed to comply with federal regulations in neglecting to adjust her rent and in failing to provide her a hearing prior to commencing a suit for rent and possession. Laure Boone requested that the rent and possession action be stayed pending the outcome of the writ of mandamus.

Maurice Boone has not lived with or given financial support to Laure Boone since November 20, 1985. On January 28, 1986, Laure Boone received a second Ex Parte Order of Protection against Maurice Boone. She filed for dissolution of marriage in March of 1986 and the marriage was dissolved in July 1986.

Maurice Boone did not appear during the proceedings. The parties submitted the mandamus action and rent and possession action to the court on a Stipulation of Facts and Evidence. On February 10, 1987, the court ruled on the rent and possession action together with the mandamus action. As to the mandamus action the court entered judgment in favor of Laure Boone and ordered the Housing Authority to reduce her rent to reflect the change in her family income and composition. The court further ordered that the tenancy of Maurice Boone be terminated as of August 31, 1986, and that the lease be renewed as to Laure Boone for one year as of September 1, 1986.

As to the rent and possession action, the court entered judgment against Maurice Boone for the rent due between December 1, 1985 and August 31, 1986, together with relinquishment of the premises. To avoid an order for surrender of the premises, Laure Boone was to pay the total adjusted rental due from December 1, 1985 through the current period within a certain time limitation after given notification by the Housing Authority of the adjusted rental amounts due. The amounts paid by Laure Boone were to be credited against the judgment entered against Maurice Boone.

The Housing Authority and John Callen appeal from the judgment of the trial court in the mandamus action and rent and possession action. The cases have been consolidated for purposes of appeal.

In a case such as here where the action has been submitted to the trial court on a stipulation of facts and numerous exhibits, the only question before this court is whether the trial court drew the proper legal conclusions from the facts stipulated and the submitted exhibits. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo.banc 1979); *Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 398 (Mo.App.1984).

In its appeal from the rent and possession action the Housing Authority contends the court erred in entering judgment in favor of Laure Boone in that the judgment is against the weight of the evidence, is logically inconsistent and erroneously applies the law. Specifically, it is the Housing Authority's contention that the trial court erroneously concluded that the common-law doctrine of joint and several liability was abrogated by federal statutes and regulations. The Housing Authority further contends there was no legal or factual foundation for the trial court's determination that there was a change in Laure Boone's family income and composition to warrant an adjustment in rent.

■ We find no error in the court's determination that the doctrine of joint and several liability must be interpreted in light of federal regulations in the context of public housing tenants and that the common-law doctrine cannot supersede federal regulations promulgated pursuant to the United States Housing Act.

Under the doctrine of joint and several liability, Laure Boone, the remaining tenant, would be liable for the full amount of the original calculation of rent due under the lease. The lease at issue, however, is a public housing lease subject to the United States Housing Act, 42 U.S.C. § 1437 et seq. and federal regulations promulgated by the Department of Housing and Urban Development (HUD) under authority of the Housing Act. Unlike a private lease, rent under a public housing lease is not necessarily permanent for the term of the lease. Federal regulations promulgated by HUD pursuant to the Housing Act and the lease itself, provide for an adjustment in rent upon a change in family composition or income.

The lease provides for a re-examination of the tenant's income and family composition upon notice in writing by the tenant of a change in family composition or income. Further, federal regulations provide for an adjustment in rent upon a change in family circumstances: "If the PHA [Public Housing Agency] receives information concerning a change in the Family's income or other circumstances between regularly scheduled reexaminations, the PHA *must* consult with the Family and make any adjustments determined to be appropriate." 24 C.F.R. § 960.209(b) (1987) [49 Fed.Reg. 21,492 (1984)] (emphasis added). HUD's publication, The Public Housing Occupancy Handbook, 7465.1 (Rev.1978), provides for adjustments in rent to accommodate changes unanticipated at the time of the rent determination, including the "loss or gain of a family member, *lessee*, or source of income." *Id.* at 4–4 (emphasis added).

HUD has broad rule-making authority and rules established by HUD, such as 24 C.F.R. § 960.209(b), are binding on participating housing authorities. *See, Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Brown v. Housing Authority of the City of Milwaukee*, 471 F.2d 63, 67 (7th Cir.1972); *Hess v. Ward*, 497 F.Supp. 786, 798 (E.D.Pa.1980). Further, the Public Housing Occupancy Handbook, *supra*, was published by HUD to assist local housing authorities in complying with HUD regulations and the local authorities are required to follow the policies therein. *Hess, supra*, at 798; *Greenville Housing Authority v. Salters*, 281 S.C. 604, 316 S.E.2d 718, 720 (Ct.App.1984), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1218, 84 L.Ed.2d 359 (1985).

When common law conflicts with statutory law, statutory law prevails, *Newcomer v. Standard Fire Insurance Co.*, 165 F.Supp. 672, 675 (E.D.Mo.1958), and the law of the state must yield when it is incompatible with federal legislation. *Mid-Missouri Legal Services Corp. v. Kinder*, 656 S.W.2d 309, 311 (Mo.App.1983). To hold the remaining low income tenant severally liable, upon loss of a lessee, for the entire rent due under the original calculation of rent would conflict with federal rules and regulations. Under federal law the remaining lessee under a public housing lease is not severally liable for the entire rent due upon loss of a co-lessee but is liable only for the adjusted rental reflecting the negative change in family income or composition.

■ The Housing Authority further contends Maurice Boone had not abandoned his leasehold interest and thus the Housing Authority could not unilaterally terminate its relationship with Maurice Boone. The Housing Authority had the opportunity to investigate the alleged shooting incident and if verifiable to terminate Maurice Boone's tenancy under the lease provision allowing termination where a tenant poses a risk to the health or safety of other tenants. On the date of the hearing, Laure Boone provided the Housing Authority with an Ex Parte Order of Protection against Maurice Boone which substantiated her fear of violence.

Moreover, the original rent determination was based on Maurice Boone's income alone. The Housing Authority stipulated that he had not lived at the premises since November 20, 1985 and had not paid rent for December 1985 or anytime thereafter. As a nonremaining tenant who experienced no change in income, Maurice Boone was not entitled to a reduction in rent. The Housing Authority, therefore, was entitled to terminate his tenancy in accordance with the lease provision for failure to pay rent.

Had Maurice Boone desired to avoid liability for rent under the lease, the terms of the lease allowed him to terminate his tenancy by providing the Housing Authority with one month written notice of his intent to terminate. Maurice Boone did not do so and nor did he appear at the court proceedings. The judgment against him must be viewed in that light.

We find no error in the trial court's conclusion of law that the nature of joint and several liability of public housing tenants must be interpreted in light of federal regulations. We likewise find no error in the court's judgment finding Maurice Boone liable for the entire rent due from December 1985 to August 1986 and allowing as a credit to the judgment against Maurice Boone, any adjusted rental amounts paid by Laure Boone for the same period under the lease.

As to the Housing Authority's contention that there was no legal or factual foundation for the trial court's determination that

a change in Laure Boone's family income and composition warranted an adjustment in rent, we likewise disagree.

There is ample legal support for the trial court's determination in federal rules and regulations and the lease itself. The lease requires the tenant to report to the Housing Authority in writing if there is a change in family composition or income. The addendum to the lease provides that the amount of rent "shall be subject to change by reason of changes in the Lessee's family income, family composition, or extent of exceptional medical or other unusual expenses in accordance with HUD-established schedules and criteria."

HUD promulgated regulations governing interim rent changes in 24 C.F.R. § 960.209(b) and the Public Housing Occupancy Handbook, *supra.* Under 24 C.F.R. § 960.209(b), a public housing agency "*must* consult with the family *and make any adjustments* determined to be appropriate" upon receiving information concerning a change in a tenant family's income or other circumstances.

■ The Housing Authority contends this regulation is discretionary, not mandatory. We do not find, however, the language of § 960.209(b) to be precatory. To the contrary, we interpret this section to mandate an adjustment in rent where warranted by a change in family circumstances.

Our interpretation of § 960.209(b) promotes the stated purpose of the enabling legislation, the United States Housing Act of 1937, 42 U.S.C. § 1437 et seq: "to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of lower income." *Id.* at § 1437. Laure Boone should not be forced by Housing Authority policy to choose between eviction and a violent home situation.

In that regard HUD policy expressed in the Public Housing Occupancy Handbook also supports our interpretation of the regulation. Therein HUD places the duty on the Housing Authority to verify the change in circumstances and advises:

*The PHA should attempt to devise policies that are fully responsive to the inevitable changes of income and family composition that affect the economic status of low-income families. Particularly, the PHA's procedures should provide for prompt reduction in rent when an unanticipated decrease in income is reported by the tenant family. If the PHA's procedures do not permit rapid confirmation and verification of the decreases, the reduced rent may be put into effect on a provisional basis subject to verification. Prompt rent adjustments help avoid situations that lead to nonpayment of rent and unnecessary grievances.*

*Public Housing Occupancy Handbook, supra,* 4–5.e (emphasis in original).

■ As to the factual support for the trial court's determination that Laure Boone was entitled to a reduction in rent, the evidence showed Laure Boone gave the Housing Authority written notice of the fact she had separated from her husband and would be relying solely on AFDC payments for her support. In addition, the Housing Authority stipulated that Maurice Boone has not resided at the premises since November 20, 1985. The Housing Authority provided Laure Boone with a hearing only after bringing a rent and possession action against her. The trial court concluded, and we agree, that the hearing did not constitute a "consultation" as required by federal regulations.

■ The Housing Authority contends that to constitute a legally recognizable change in family circumstances to warrant a rent adjustment, involved must be a death, loss of employment, physical disability, or order of court effecting the legal relationship between the Boone's. Because the evidence reflected no such change in family circumstances, the Housing Authority contends the court's determination that a reduction in rent was warranted is not supported by the evidence. According to the Housing Authority, the evidence of the Boone's separation was insufficient to amount to a change in family circumstances because Laure Boone could have legally enforced Maurice Boone's obligation to support his family.

Initially we note that any right to support from Maurice Boone was assigned to the State of Missouri under the terms of Laure Boone's AFDC grant. § 208.040.2(2), RSMo 1986. Further, HUD rules and regulations do not support the narrow definition of recognizable change in family circumstances asserted by the Housing Authority. Quite to the contrary, HUD lists as examples of unanticipated changes that could warrant an adjustment in rent to include "loss or gain of a family member, lessee, or source of income." Public Housing Occupancy Handbook, *supra,* at 4–5.a. Federal regulations evidence no requirement of a court ordered change in family circumstances.

HUD policy anticipates the lack of education characteristic of the poor, their lack of legal assistance, and the extreme hardships that a less than speedy rent adjustment policy can create. Public Housing Occupancy Handbook, quoted *supra,* at 4–5.e. Federal regulations require an adjustment in rent where warranted by a change in family circumstances and the facts and evidence stipulated to by the parties support the trial court's determination that an adjustment in Laure Boone's rent was warranted.

The trial court's judgment in the rent and possession action is supported by the law and the evidence. The Housing Authority's appeal from the rent and possession action is denied.

In his appeal from the court's judgment in the mandamus action, John Callen, the Executive Director of the Housing Authority contends the court erred in entering judgment for Laure Boone because she failed to sustain her burden of proof relating to a mandamus action. He further contends the court's order is against the weight of the evidence and erroneously applies the law.

■ Appellant is correct that to be successful in mandamus, the relator must establish a "clear and unequivocal" right to the relief requested. *State ex rel. Sprague v. City of St. Joseph,* 549 S.W.2d 873, 879

(Mo. banc 1977). We conclude, however, that Laure Boone met that standard based on the stipulations of fact and evidence submitted by the parties.

As previously discussed, the parties stipulated that Maurice Boone had not resided at the premises since November 20, 1985. Laure Boone notified the Housing Authority in writing of her change in family circumstances and provided the Housing Authority with verification that her sole source of income would be government assistance. The Housing Authority responded with a conclusionary letter denying Laure Boone's request for a rent adjustment and did not provide her with a hearing until after bringing suit against her.

Under federal regulations, Laure Boone was entitled to have a rent adjustment to reflect her change in family income and composition. 24 C.F.R. § 960.209(b), *supra;* Public Housing Occupancy Handbook, *supra,* at 4–5.e. John Callen's contentions are simply reiterations of the contentions advanced and ruled on in the rent and possession action.

We conclude Laure Boone established a clear and unequivocal right to a rent adjustment and the order of the trial court is supported by the law and the evidence. John Callen's appeal from the trial court's judgment in the mandamus action is likewise denied.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.