## L. WALDO & ASSOCIATES, INC., Plaintiff–Appellant,

v.

## PVO FOODS, INC./PVO Foods (Central), Inc., Defendant–Respondent.

#### No. 62484.

Missouri Court of Appeals, Eastern District, Division Seven.

May 11, 1993.

Chused, Bini, Kohn, Feldmann & Steib, P.J., W. William Protell, Jr., St. Louis, for plaintiff-appellant.

Bryan Cave by John S. Meyer, Jr. and Cheryl D. Smith, St. Louis, for defendant-respondent.

KAROHL, Chief Judge.

Plaintiff, L. Waldo and Associates, Inc., sued PVO Foods Inc., the parent corpora-

tion of PVO Foods (Central) Inc., the owner of the real estate in question and Mississippi Valley Edible Oil Company, Inc. [Mississippi Valley], tenant of PVO Foods (Central), Inc., to enforce a contract with Mississippi Valley and to impress a mechanics lien. After summary judgment was entered in favor of PVO Foods, Inc. and PVO Foods (Central), Inc., a default judgment was entered against Mississippi Valley. L. Waldo and Associates appeal the summary judgments. We affirm.

In September 1989, PVO (Central) leased the property in question to Mississippi Valley. Mississippi Valley contracted with L. Waldo and Associates [Waldo] to perform work on the leased property as a subcontractor. When a billing to Mississippi Valley for $20,901.22 for material and labor was not paid, Waldo timely filed a mechanics lien. Waldo then filed a petition to collect the bill and secure payment through a mechanic's lien. Defendants PVO Foods and PVO (Central) petitioned for and were granted summary judgment because the lien statement was insufficient as a matter of law.

On appeal, plaintiff argues the entry of summary judgment was improper because discovery was incomplete and the court did not have all the necessary facts. However, the claim of error is directed only at a pure question of law, a matter of statutory interpretation on an existing documentary fact. We find defendants were entitled to judgment as a matter of law. We affirm.

In reviewing the entry of summary judgment, we ordinarily must determine if any genuine issue of material fact exists which would require a trial and determine if the judgment is correct as a matter of law. *Meyer v. Enoch,* 807 S.W.2d 156, 158 (Mo. App.1991). Summary judgment is appropriate only when the record discloses no theory that would permit recovery and the moving party is entitled to summary judgment as a matter of law. *Y.G. v. Jewish*

*Hosp. of St. Louis,* 795 S.W.2d 488, 494 (Mo.App.1990). Appellate and trial courts must view the record on summary judgment in the light most favorable to the party opposing the motion for judgment. *Erickson v. Pulitzer Publishing Co.,* 797 S.W.2d 853, 857 (Mo.App.1990).

To survive a motion for summary judgment, plaintiff, a subcontractor, must show its mechanics lien met the requirements of § 429.080 RSMo 1986. In order to comply, it must file "a just and true account of the demand due him or them." "The requirement of a just and true account calls for a fairly itemized account, showing what the materials are, and the work that was done, and the price charged." *Bresnan v. Basic Elec. Co.,* 721 S.W.2d 3, 5 (Mo.App.1986). Itemization is necessary in order to provide landowners the opportunity to investigate the charges. *Id.*

L. Waldo and Associates, Inc. did not file an itemized account in the form required by the lien statute. The invoices attached to the lien filing were in the following form:

Partial billing for labor and material for services provided on site of PVO Foods, Inc plant, 3400 North Wharf, involved with revamping work of the Edible Oil Refinery.

| | | | |
|---|---|---|---|
| Material | | | $1,122.24 |
| Labor: | 105 | hrs | |
| @$35.00 | | | 3,675.00 |
| Amount this request | | | 4,797.24 |

It is not possible from this statement to investigate the charges.

In *Zundel v. Edge, Inc.,* 705 S.W.2d 113, 114–115 (Mo.App.1986), we held this form of lump sum billing is insufficient where the claimant is not an original contractor who made a lump sum contract. Here, there is an obvious absence of specificity in billing regarding what materials were furnished, what work was done and times as to when the work was complete on a time and material contract. *Bresnan,* 721 S.W.2d at 6–7.

The validity of plaintiff's just and true account is a statutory prerequisite to support a mechanics lien. Because the trial court properly ruled as a matter of law it is invalid, summary judgment was properly granted. We also note that defendant PVO Foods, Inc., the parent corporation of PVO Foods (Central), Inc. has no interest in the subject real estate. Therefore, it was also entitled to judgment on this undisputed fact.

As a post-script we overrule respondents' motion to dismiss this appeal as moot. After the summary judgments, appellant filed a premature appeal. Thereafter, the default judgment was entered against the remaining defendant, Mississippi Valley. Before the timely appeal, the Circuit Clerk released the underlying mechanics lien. We elect not to decide whether the lien release rendered the lawsuit and appeal moot. The legal effect of the release by the clerk before the judgments were final will not be decided in this appeal because the lien claim is deficient as a matter of law and the circumstances surrounding the release by the clerk are not fully developed in the record.

We affirm.

PUDLOWSKI and CRANDALL, JJ., concur.